IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JIAYSIA BLAYLOCK, | § § § § § § § § § § § | |
| Plaintiff, | | |
| v. | | CIVIL ACTION NO. 3:21-cv-0856-E |
| UNITED STATES OF AMERICA, | | |
| Defendant. | | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant the United States of America's Motion to Dismiss (Doc. 5). The United States ("the government") argues that Plaintiff Jiaysia Blaylock's complaint should be dismissed under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) because her claims are barred by sovereign immunity. For reasons that follow, the Court grants the motion.

Blaylock's lawsuit, filed on April 13, 2021, arises out of an April 1, 2019 motor vehicle accident between Blaylock's vehicle and a government vehicle driven by an employee of the Army National Guard, Sergeant Caleb Page, while in the scope of his employment. Blaylock contends Page failed to yield the right of way while making a turn and struck Blaylock's vehicle. She alleges that as a result she suffered personal injuries and damage to her property. Blaylock sued the government under the Federal Tort Claims Act (FTCA), claiming the government is liable for Page's negligence. Her complaint alleges she timely presented her claim in writing to the "United States GSA [General Services Administration] Fleet" on June 23, 2020, and that the GSA transferred her claim to the Department of the Army. In December 2020, the Department of the Army sent notice of its final administrative action; it denied Blaylock's claim.

1

In its motion to dismiss, the government argues that Blaylock's claims are barred by sovereign immunity because she failed to exhaust her administrative remedies before filing suit. Blaylock maintains she exhausted her administrative remedies.

As the party asserting jurisdiction in this case, Blaylock has the burden of establishing that jurisdiction is proper. *See Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998). The government may only be sued to the extent it has waived sovereign immunity. *Davis v. United States*, 961 F.2d 53, 56 (5th Cir. 1991). The FTCA waives immunity for certain classes of tort claims, including personal injury caused by the negligent or wrongful act or omission of any employee of the government acting within the scope of his employment. *Id.* To avail herself of the FTCA's waiver of immunity, a plaintiff must first exhaust her administrative remedies pursuant to 28 U.S.C. § 2675. Section 2675 requires that before filing suit, a plaintiff must first have presented the claim to the appropriate Federal agency and her claim shall have been finally denied by the agency in writing. 28 U.S.C. § 2675(a). The regulations provide that a claim shall be deemed to have been presented when a Federal agency receives from a claimant written notification of an incident "accompanied by a claim for money damages in a sum certain for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident." 28 C.F.R. 14.2(a). Once the agency denies the claim, or six months have elapsed without a final decision from the agency, the plaintiff may bring suit in district court. 28 U.S.C. § 2675(a). The requirement of exhaustion of administrative review is a jurisdictional requisite to the filing of an action under the FTCA. *Gregory v. Mitchell*, 634 F.2d 199, 203–04 (5th Cir. 1981).

The government argues that Blaylock failed to comply with the FTCA's presentment requirement—specifically, the FTCA's sum certain requirement. To the extent Blaylock seeks to litigate whether she properly complied with the presentment requirements, the government argues

such an action is barred by collateral estoppel as it was fully litigated in a prior action in this district.

This is the second suit Blaylock has filed in this district against the government arising out of the vehicle accident with Page. She initially filed suit in October 2020, before the Department of the Army issued its final denial of her administrative tort claim. In March 2021, the previous judge dismissed the action without prejudice. *See Blaylock v. United States*, No. 3:20-CV-3264, 2021 WL 1139412 (N.D. Tex. March 25, 2021) (Fitzwater, J.). As here, the government argued Blaylock did not satisfy the sum certain requirement. To show she satisfied that requirement, Blaylock relied upon a liability demand emailed to the GSA on June 23, 2020, which included a sum certain. The government responded that the GSA did not receive Blaylock's liability demand because Blaylock did not email it to a valid GSA email address. The Court concluded the June 2020 liability demand did not satisfy the sum certain requirement. Blaylock presented evidence that she sent a liability demand that included a sum certain, but she did not refute the government's affidavits that the GSA did not receive her liability demand. *Id.* at *3; *see Bailes v. United States*, 988 F.2d 1209, 1209 (5th Cir. 1993) (FTCA claim is not presented until received). The Court found that Blaylock failed to meet her burden of proving that she presented a sum certain to the appropriate administrative agency before filing suit and granted the government's Rule 12(b)(1) motion to dismiss. *Blaylock*, 2021 WL 1139415, at *3.

As it did in the prior action, the government again asserts that Blaylock did not comply with the sum certain requirement because the email address she used in June 2020 was not a valid email address for the GSA. It has presented affidavits showing that since the dismissal of the previous case, Blaylock has not sent any further information to either of two valid GSA email addresses or filed an administrative tort claim with the Army's Fort Hood Claims Center. Blaylock

3

responds that she exhausted her administrative remedies before filing her second suit. She argues that because she received the final denial by the Department of the Army before this suit was filed, she met all conditions precedent.

Federal courts have repeatedly held that the sum certain requirement is a jurisdictional one. *Wardsworth v. United States*, 721 F.2d 503, 505 (5th Cir. 1983); *see Martinez v. United States*, 728 F.2d 694, 697 (5th Cir. 1984). The fact that the Department of the Army denied Blaylock's claim does not negate the requirement that she present a liability demand that includes a sum certain. *See Wardsworth*, 721 F.2d at 507 (affirming dismissal of lawsuit where, although postal service denied plaintiff's claim, plaintiff did not satisfy sum certain requirement); *see also Eaton v. United States*, No. H-07-3738, 2008 WL 706784, at *4 (S.D. Tex. March 13, 2008) (dismissing plaintiff's negligence claim for failure to present claim that included demand for sum certain even though she received final denial from USPS). To the extent Blaylock continues to argue that her June 23, 2020 email liability demand satisfied the sum certain requirement, this argument was decided against her in the previous suit, and she is collaterally estopped from relitigating the issue here. Because Blaylock has not met her burden to show she exhausted her administrative remedies, the Court lacks subject matter jurisdiction over this case. Accordingly, the Court grants the government's motion and dismisses this action without prejudice for lack of subject matter jurisdiction.

**SO ORDERED**; signed January 7, 2022.

                                                    Ada Brown
                                                  UNITED STATES DISTRICT JUDGE